■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant. [881 NYS2d 329]—Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered June 6, 2006, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that Penal Law § 70.45 (1), which imposes a mandatory period of postrelease supervision, violates both the United States and New York Constitutions is unpreserved for appellate review (*see People v Oliver,* 63 NY2d 973, 975 [1984]; *Matter of Dowsett v Dowsett,* 172 AD2d 610, 611 [1991]). Furthermore, as the People correctly contend, the defendant provided no proof that the Attorney General was notified of his challenge to the constitutionality of the postrelease supervision statute, as mandated by CPLR 1012 (b) (3) and Executive Law § 71 (3). As such, this Court will not reach this issue on appeal (*see* CPLR 1012 [b] [3]; Executive Law § 71 [3]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.