■ Union State Bank, Appellant, v Gretchen H. Weiss, Respondent. [884 NYS2d 136]—In an action, inter alia, to recover on a series of guarantees and to recover damages for breach of fiduciary duty, negligent misrepresentation, and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated April 25, 2008, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second, third, and fourth causes of action of the amended complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and those branches of the defendant's motion which were to dismiss the second, third, and fourth causes of action of the amended complaint are denied.

The plaintiff originally served a complaint setting forth two causes of action, and the defendant Gretchen H. Weiss in her capacity as executor of the estate of Stephen E. Weiss, and individually, moved to dismiss that complaint. While the motion was pending, the plaintiff served an amended complaint as of right (see CPLR 3025 [a]; 3211 [f]), adding causes of action alleging breach of fiduciary duty, negligent misrepresentation, and fraud. The defendant thereafter submitted additional papers on the motion, seeking the dismissal of the amended complaint, and the plaintiff responded to those papers. The Supreme Court granted those branches of the defendant's motion which were to dismiss the causes of action in the amended complaint alleging breach of fiduciary duty, negligent misrepresentation, and fraud. We reverse.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court's function is to determine whether the plaintiff's factual allegations fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]), without regard to whether those allegations ultimately can be established (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Aberbach v Biomedical Tissue Servs., Ltd., 48 AD3d 716, 717-718 [2008]). Viewing the amended complaint in the light most favorable to the plaintiff, and assuming that the factual allegations contained therein are true for the purposes of the motion (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Kaplon-Belo Assoc., Inc. v D'Angelo, 57 AD3d 948 [2008]; Heffez v L & G Gen. Constr., Inc., 56 AD3d 526 [2008]), the amended complaint adequately states causes of action sounding in breach of fiduciary duty, negligent misrepresentation, and fraud against the defendant individually. In addition, those causes of action are distinct from the plaintiff's cause of action against the estate of the defendant's late husband to recover on a series of guarantees.

The defendant's contention that the three causes of action at issue fail to comply with the pleading requirements of CPLR 3016 (b) is without merit, as those causes of action are sufficient to advise the defendant of the incidents complained of (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.