CHRISTINA SOBEL, Individually and as Administrator of the Estate of Mary Ellen Malone, Deceased, Respondent, v VINCENT W. ANSANELLI et al., Appellants. [951 NYS2d 533]—

In an action, inter alia, in effect, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 18, 2011, as, in effect, granted that branch of their motion which was to dismiss the sixth cause of action as time-barred pursuant to CPLR 3211 (a) (5) only to the extent of directing dismissal of so much of that cause of action as was predicated upon alleged acts or omissions occurring more than three years prior to the commencement of the action, and denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (1), and the third, fifth, and seventh causes of action pursuant to CPLR 3211 (a) (7), and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In August 2005 the decedent, Mary Ellen Malone, retained the defendant Vincent W. Ansanelli and the defendant law firm, Ansanelli, Kugler & Svendsen, LLP, to perform estate planning services, including asset protection, the preparation and filing of an application for Medicaid benefits, and the transfer of the decedent's cooperative apartment to her daughter, Christina Sobel. At the time the decedent retained the defendants, the alleged total value of her assets was approximately $190,000, and she allegedly had debts of approximately $60,000. More than two years after the decedent's death, by summons and complaint filed on February 3, 2011, Sobel commenced this action assert-

ing six causes of action alleging, in effect, legal malpractice, breach of contract, breach of fiduciary duty, fraud, and duress. The plaintiff's breach of fiduciary duty claims, set forth under the first and second causes of action, were premised upon allegations that the defendants had charged excessive legal fees totaling over $44,000 for the protection of the decedent's relatively modest estate.

Prior to joinder of issue, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7). In support of their motion, they submitted, inter alia, copies of invoices allegedly sent to the plaintiff, and argued that these invoices established a defense to some of the plaintiff's claims because she had ratified them by retaining them without objection, making partial payment, and signing an agreement promising to pay the balance due. The defendants also submitted a document from the City of New York Human Resources Administration dated July 30, 2008, which indicated that the decedent's application for Medicaid benefits had been retroactively granted from November 1, 2006, to the date of her death on April 28, 2008. The defendants additionally contended that none of the plaintiff's claims stated a cause of action, and that the plaintiff's legal malpractice claim was barred by the statute of limitations.

In opposition, the plaintiff disputed the authenticity of the invoices submitted in support of the motion, asserting that they differed in format from those the defendants had provided to her because they included breakdowns of the hours expended on particular tasks. She further argued that her claims were not time-barred because the defendants' representation continued at least until February 3, 2008, when the defendants issued their final invoice. The plaintiff also served an amended complaint as of right pursuant to CPLR 3025 (a), which was substantially similar to the original complaint except for the addition of a seventh cause of action alleging that the invoices the defendants had submitted to the court in support of their motion were fraudulent. The defendants thereafter submitted additional papers on the motion, seeking dismissal of the amended complaint.

The Supreme Court, among other things, in effect, granted that branch of the defendants' motion which was to dismiss the sixth cause of action alleging, in effect, legal malpractice as time-barred pursuant to CPLR 3211 (a) (5) only to the extent of directing dismissal of so much of that cause of action as was predicated upon alleged acts or omissions occurring more than three years prior to the commencement of the action, and denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Initially, we note that since the defendants elected to apply their motion to dismiss to the amended complaint which superseded the original complaint, we consider the motion as directed against the amended complaint (*see Union State Bank v Weiss*, 65 AD3d 584, 585 [2009]; *Ferguson v Sherman Sq. Realty Corp.*, 30 AD3d 288 [2006]; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38 [1998]; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:65).

Contrary to the defendants' contention, the Supreme Court properly denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action alleging, in effect, breach of fiduciary duty premised on the theory that the defendants charged excessive legal fees. A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Harris v Barbera*, 96 AD3d 904 [2012]; *Parekh v Cain*, 96 AD3d 812 [2012]). To qualify as documentary evidence, printed materials "must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]; *see Flushing Sav. Bank, FSB v Siunykalimi*, 94 AD3d 807, 808 [2012]; *Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 746-747 [2011]). Further, on a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 87).

Here, the invoices which the defendants submitted in support of their position that the plaintiff ratified the legal fees charged for services to the decedent were of disputed authenticity and did not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1) (*see Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149, 1150 [2010]; *see also Parekh v Cain*, 96 AD3d 812 [2012]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]). In any event, the invoices did not conclusively establish, as a matter of law, a defense to the first and second causes of action (*see Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d at 1150-1151; *see also Cannon v First Natl. Bank of E. Islip*, 98 AD2d 704, 705 [1983], *affd* 62

NY2d 1003 [1984]). Furthermore, the factual allegations in the first and second causes of action are sufficient to state a cause of action sounding in breach of fiduciary duty (*see Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d at 1150). Thus, dismissal of the first and second causes of action pursuant to CPLR 3211 (a) (1) and (7) was not warranted.

The Supreme Court properly, in effect, granted that branch of the defendants' motion which was to dismiss the sixth cause of action alleging, in effect, legal malpractice as time-barred pursuant to CPLR 3211 (a) (5) only to the extent of directing dismissal of so much of that cause of action as was predicated upon alleged acts or omissions occurring more than three years prior to the commencement of the action. Dismissal of the sixth cause of action in its entirety as time-barred was not warranted because, to the extent that the plaintiff's legal malpractice claim is predicated upon the defendants' alleged failure to protect the value of estate assets consisting of the cooperative apartment, the defendants' own submissions raise an issue of fact as to whether the continuous representation doctrine tolled the statute of limitations until February 3, 2008, the date of the final invoice for legal services performed in connection with the sale of the apartment (*see Golub v Baer, Marks & Upham*, 172 AD2d 489, 490 [1991]; *see also Macaluso v Del Col*, 95 AD3d 959, 960 [2012]; *Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank*, 87 AD3d 1118, 1120 [2011]; *Howish v Perrotta*, 84 AD3d 1312, 1313 [2011]). Moreover, accepting the facts alleged in the amended complaint as true and according the plaintiff the benefit of every possible inference, the plaintiff's allegation that the defendants negligently failed to protect the cooperative apartment states a legally cognizable claim to recover damages for legal malpractice (*see Magnus v Sklover*, 95 AD3d 837 [2012]; *Esposito v Noto*, 90 AD3d 825 [2011]). Accordingly, the Supreme Court also properly denied that branch of the defendants' motion which was to dismiss the sixth cause of action pursuant to CPLR 3211 (a) (7).

However, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the fourth cause of action alleging breach of contract pursuant to CPLR 3211 (a) (1). The gravamen of this claim is that the defendants "failed in their contractual obligation" to obtain Medicaid benefits, and this allegation is refuted by the documentary proof that the decedent's application for Medicaid benefits was indeed approved.

The Supreme Court also should have granted that branch of the defendants' motion which was to dismiss the third and

seventh causes of action alleging fraud pursuant to CPLR 3211 (a) (7). A cause of action alleging fraud requires a plaintiff to establish a misrepresentation or omission of material fact which the defendant knew was false, that the misrepresentation or material omission was made to induce the plaintiff's reliance, the plaintiff's justifiable reliance on the misrepresentation or material omission, and a resulting injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Robertson v Wells*, 95 AD3d 862 [2012]; *Orchid Constr. Corp. v Gottbetter*, 89 AD3d 708, 710 [2011]). The gravamen of the plaintiff's third cause of action is that the defendants presented her with invoices from which she was unable to determine the specific work she was being billed for, who did the work, and how long the work took. However, there are no facts alleged under the third cause of action from which it can be inferred that the omission of this information was made to induce the plaintiff's reliance on the veracity of the invoices and the value of the legal services performed. Furthermore, the seventh cause of action, which, in essence, challenges the authenticity of invoices submitted by the defendants in support of their motion, fails to state the elements of a fraud claim.

The Supreme Court should have granted that branch of the defendants' motion which was to dismiss the fifth cause of action alleging duress pursuant to CPLR 3211 (a) (7), since the plaintiff's allegations that she was pressured to use and pledge her own funds to pay the defendants' invoices are insufficient to state a cause of action to recover damages for duress (*see Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 419 [2009]; *Morad v Morad*, 27 AD3d 626, 627 [2006]).

The defendants' remaining contentions either are without merit or have been rendered academic in light of our determination. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.