■ PAULINA FUNMILOLA FAGBUYI, Appellant, v ACCREDITED HOME LENDERS, INC., Defendant, and U.S. BANK NATIONAL ASSOCIATION, as Trustee to CITIGROUP MORTGAGE LOAN TRUST, INC., Respondent. [36 NYS3d 44]—

In an action, inter alia, to recover damages for fraudulent misrepresentation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated December 20, 2013, as granted the motion of the defendant U.S. Bank National Association, as Trustee to Citigroup Mortgage Loan Trust, Inc., pursuant to CPLR 3211 (a), in effect, to dismiss the second amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for fraudulent misrepresentation. The defendant U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1, sued herein as U.S. Bank National Association, as Trustee to Citigroup Mortgage Loan Trust, Inc. (hereinafter U.S. Bank), moved pursuant to CPLR 3211 (a) to dismiss the first amended complaint insofar as asserted against it. Around the same time, the plaintiff moved pursuant to CPLR 3025 (b) for leave to serve and file a second amended complaint. In opposition to the plaintiff's motion, U.S. Bank argued that the proposed amendments were patently devoid of merit. In an order dated December 20, 2013, the Supreme Court granted the plaintiff's motion for leave to serve and file a second amended complaint, but granted U.S. Bank's motion to dismiss, considering U.S. Bank's motion as being directed against the second amended complaint. The plaintiff appeals, contending that the Supreme Court erred in directing the dismissal of the second amended complaint insofar as asserted against U.S. Bank because there was no motion to dismiss any part of the second amended complaint.

Contrary to the plaintiff's contention, under the circumstances of this case, once the Supreme Court granted the plaintiff's motion for leave to serve and file a second amended complaint, it was not erroneous for the court to consider U.S. Bank's motion as being directed against the second amended complaint (*see Sobel v Ansanelli*, 98 AD3d 1020, 1022 [2012]; *Union State Bank v Weiss*, 65 AD3d 584, 585 [2009]). Further, the allegations in the second amended complaint insofar as asserted against U.S. Bank were either utterly refuted by documentary evidence, or failed to state a cause of action (*see* CPLR 3211 [a] [1], [7]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Barker v Amorini*, 121 AD3d 823, 824 [2014]). Accordingly, the court properly granted U.S. Bank's motion pursuant to CPLR 3211 (a), in effect, to dismiss the second amended complaint insofar as asserted against it. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.