Joo Tae Yoo v Choi (2022 NY Slip Op 06791)

Joo Tae Yoo v Choi

2022 NY Slip Op 06791

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03347
 (Index No. 715028/16)

[*1]Joo Tae Yoo, et al., respondents,
v
Thomas Choi, appellant.

John F. McHugh, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for defamation and intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated March 9, 2020. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.
The plaintiff Korean-American Advisory Council for Law Enforcement, Inc. (hereinafter the Council), is an organization established for the purpose of acting as a liaison between the Korean-American community and the New York City Police Department. The plaintiff Joo Tae Yoo is the Council's chairman.
The plaintiffs commenced this action alleging that the defendant made defamatory statements against them in a Korean language chat group. The defendant moved, among other things, for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging defamation. "The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675). A statement constitutes defamation per se if it tends to injure the plaintiff in her or his trade, business, or profession (see Liberman v Gelstein, 80 NY2d 429, 435; Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464).
The defendant established, prima facie, that his alleged statements are subject to a qualified privilege. Qualified privilege applies to a statement "when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his [or her] interest is concerned" (Stega v New York Downtown Hosp., 31 NY3d 661, 669-670 [internal quotation marks omitted]). Application of the privilege depends on whether [*2]"the relation of the parties [is] such as to afford reasonable ground for supposing an innocent motive for giving the information, and to deprive the act of an appearance of officious intermeddling with the affairs of others" (Lewis v Chapman, 16 NY 369, 375; see Porges v Weitz, 205 AD3d 13, 18; New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals, 164 AD3d 909, 910). Here, the alleged statements were made in a password-controlled, members-only chat group, and involved the management of the members' organization. Such circumstances fall within the scope of the qualified privilege (see Foster v Churchill, 87 NY2d 744; Liberman v Gelstein, 80 NY2d at 437).
A plaintiff may defeat the qualified privilege with a showing of either common-law malice (spite or ill will), or actual malice (knowledge of the falsity of the statement or reckless disregard for the truth) (see Liberman v Gelstein, 80 NY2d at 438-439; Braunstein v Day, 195 AD3d 589). Here, the plaintiffs failed to submit any evidence that the defendant was motivated by malice alone in making the alleged statements (see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149). They similarly failed to submit any evidence that the defendant knew the alleged statements were false or acted with a reckless disregard for their truth (see Freeman v Johnston, 84 NY2d 52, 58; Catterson v North Suffolk Publ. Corp., 249 AD2d 498).
The defendant also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging intentional infliction of emotional distress. "The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Howell v New York Post Co., 81 NY2d 115, 121; see Davydov v Youssefi, 205 AD3d 881). The element of extreme and outrageous conduct is essential, in that liability will only be imposed when the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d at 122 [internal quotation marks omitted]). Here, the defendant's alleged statements were not sufficiently extreme and outrageous so as to form a basis for intentional infliction of emotional distress. The allegedly defamatory statements posted in the chat group over the course of a few days, do not constitute a "deliberate and malicious campaign of harassment or intimidation . . . consist[ing] of more than mere insults, threats, annoyances, or indignities" (Ratto v Oliva, 195 AD3d 870, 873; see Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239; Eves v Ray, 42 AD3d 481, 483). As the plaintiffs failed to raise a triable issue of fact on that point, summary judgment dismissing the cause of action alleging intentional infliction of emotional distress should have been awarded.
Accordingly, we reverse the order insofar as appealed from.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court