Langley v Melville Fire Dist. (2023 NY Slip Op 00656)

Langley v Melville Fire Dist.

2023 NY Slip Op 00656

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04613
 (Index No. 604587/19)

[*1]Dayron Langley, respondent, 
v
Melville Fire District, et al., appellants, et al., defendants.

Gallo Vitucci Klar, LLP, Woodbury, NY (Andrew M. Lauri of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Melville Fire District and Melville Fire Department appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 8, 2020. The order, inter alia, denied those defendants' motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Melville Fire District and Melville Fire Department, in effect, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with costs to the defendants Melville Fire District and Melville Fire Department.
In March 2018, the plaintiff was standing in a roadway in Melville when he was struck by a tree limb that fell from a tree adjacent to the roadway. He subsequently commenced this action against the defendants Melville Fire District and Melville Fire Department (hereinafter together the defendants), among others, to recover damages for personal injuries. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The plaintiff opposed the motion, and cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In opposition to the plaintiff's cross-motion, the defendants argued, among other things, that the amended complaint should be dismissed insofar as asserted against them on the ground that the evidentiary submissions demonstrated that the plaintiff did not have a cause of action against the defendants to recover damages for personal injuries. In an order dated May 8, 2020, the Supreme Court granted the plaintiff's cross-motion and denied the defendants' motion, considering the defendants' motion as being directed against the amended complaint. The defendants appeal.
Under the circumstances of this case, once the Supreme Court granted the plaintiff's cross-motion for leave to amend the complaint, it was not erroneous for the court to consider the defendants' motion as being directed against the amended complaint (see Fagbuyi v Accredited Home Lenders, Inc., 140 AD3d 1011, 1012; Sobel v Ansanelli, 98 AD3d 1020, 1022; Union State Bank v Weiss, 65 AD3d 584, 585).
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for [*2]failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Chvetsova v Family Smile Dental, 202 AD3d 657; Palero Food Corp. v Zucker, 186 AD3d 493, 495; NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1060-1061). Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 636; NFA Group v Lotus Research, Inc., 180 AD3d at 1060-1061). However, "'[w]here a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996, quoting Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Chvetsova v Family Smile Dental, 202 AD3d at 657; Gruber v Donaldsons, Inc., 201 AD3d 887). Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no . . . cause of action" (Lawrence Graubard v Miller, 11 NY3d 588, 595 [emphasis and internal quotation marks omitted]; see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326; Sokol v Leader, 74 AD3d 1180, 1182).
Here, the Supreme Court erroneously applyed the incorrect standard, as it stated, after relying on the "defendant's supporting documentation," that the amended pleadings "state a cause of action" against the defendants. This conclusion was arrived at after holding that the plaintiff's "pleadings sufficiently allege a special relationship between the plaintiff and the municipal entity defendant(s)"—which included the defendants. However, the court clearly considered evidentiary submissions in determining the defendants' motion. Therefore, the proper standard to have applied in determining the defendants' motion was whether the plaintiff had a cause of action against the defendants, not whether he stated one against them in the amended complaint.
The amended complaint was predicated upon allegations of negligent maintenance of the tree at issue, as well as a special relationship between the plaintiff and, among others, the defendants. However, the evidence indisputably demonstrated that the defendants had no duty to maintain or prune the tree, which was not on their land, and that no special relationship existed between them and the plaintiff (see Fagbuyi v Accredited Home Lenders, Inc., 140 AD3d at 1012; Basile v Wiggs, 98 AD3d 640; Baron v Galasso, 83 AD3d 626, 628; see also Prudential-Bache Metal Co. v Binder, 121 AD2d 923, 925-926). Accordingly, the Supreme Court should have granted the defendants' motion.
The defendants' remaining contention is academic in light of our determination.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court