Perchuk v Perfect Body Image, LLC (2023 NY Slip Op 05278)

Perchuk v Perfect Body Image, LLC

2023 NY Slip Op 05278

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2020-08914
 (Index No. 622753/18)

[*1]Beth Johnston Perchuk, appellant, 
v
Perfect Body Image, LLC, respondent, et al., defendants.

C.M. Fusco Law Group, P.C., Uniondale, NY (Carlo M. Fusco of counsel), for appellant.
Doreen J. Shindel & Associates, P.C., Selden, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation per se, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated October 9, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Perfect Body Image, LLC, which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for defamation per se, alleging that an individual associated with the defendant Perfect Body Image, LLC (hereinafter the defendant), made a defamatory internet post about the plaintiff on a website known as the "Ripoff Report." According to the complaint, the post referred to the plaintiff as a "scammer," indicated that an organization she owned was "A FAKE ORGANIZATION, STEALING WOMENS [sic] MONEY," and stated that the New York State Attorney General (hereinafter AG) had "charged" her and her organization "for deceptive businesses and ripping people off."
The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging defamation per se, insofar as asserted against it. In support of its motion, the defendant submitted an Assurance of Discontinuance issued by the Office of the AG, applicable to both the plaintiff and the organization she owned, in which the organization admitted, after an investigation by the AG's office, to engaging in certain deceptive trade practices. In an order dated October 9, 2020, the Supreme Court, among other things, granted that branch of the defendant's motion which was to dismiss the second cause of action, alleging defamation per se, insofar as asserted against it. The plaintiff appeals.
"Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139; see Steinhilber v Alphonse, 68 NY2d 283, 289). While a statement of pure opinion is actionable where it implies that it is based upon undisclosed facts justifying the opinion, a statement of opinion that recites the facts upon which it [*2]is based without implying the existence of such additional, undisclosed facts, is not actionable (see Bowen v Van Bramer, 205 AD3d 674, 675). In distinguishing between statements of fact and those of pure opinion, "it is necessary to consider the writing as a whole, including its tone and apparent purpose, as well as the overall context of the publication, to determine whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff" (Udell v NYP Holdings, Inc., 169 AD3d 954, 956 [internal quotation marks omitted]). Furthermore, "[t]ruth is an absolute defense to a defamation action" (id. at 956).
Here, the challenged online post considered as a whole, including its context, tone, and apparent purpose, constituted statements of pure opinion which were based upon disclosed, substantially true facts (see Bowen v Van Bramer, 205 AD3d at 675-676; Udell v NYP Holdings, Inc., 169 AD3d at 956; Crescendo Designs, Ltd. v Reses, 151 AD3d 1015, 1016). Accordingly, the post was not actionable, and the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging defamation per se, insofar as asserted against it (see Bowen v Van Bramer, 205 AD3d at 675-676; Udell v NYP Holdings, Inc., 169 AD3d at 956).
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court