Whelan v Cuomo (2023 NY Slip Op 05421)

Whelan v Cuomo

2023 NY Slip Op 05421

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-03552
 (Index No. 607268/21)

[*1]David J. Whelan, appellant,
v
Christina Cuomo, respondent.

Mary M. Whelan, Sag Harbor, NY, for appellant.
Ondrovic & Platek, PLLC, White Plains, NY (Karen A. Ondrovic of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 27, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7), in effect, to dismiss the second amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2021, the plaintiff commenced this action to recover damages for allegedly defamatory statements made by the defendant in an interview broadcast on Billy Bush's EXTRA television show in April 2020, and in an article published in ELLE Magazine in October 2020. In June 2021, the plaintiff served an amended complaint alleging causes of action sounding in defamation and defamation per se. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend the amended complaint to allege causes of action to recover damages for defamation and slander per se based upon the allegedly slanderous statements made by the defendant in the April 2020 interview, and causes of action to recover damages for defamation and libel per se based upon the allegedly libelous statements attributed to the defendant in the October 2020 magazine article. In opposition to the plaintiff's cross-motion, the defendant argued, among other things, that the proposed second amended complaint should be dismissed on the ground that the evidentiary submissions demonstrated that the proposed second amended complaint failed to state a cause of action against the defendant.
In an order dated April 27, 2022, the Supreme Court granted the plaintiff's cross-motion for leave to amend the amended complaint, and deemed the second amended complaint served. The court then granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7), in effect, to dismiss the second amended complaint. The plaintiff appeals. We affirm.
Initially, under the circumstances of this case, once the Supreme Court granted the plaintiff's cross-motion for leave to amend the amended complaint, it was not erroneous for the court to consider the defendant's motion as being directed against the second amended complaint (see Langley v Melville Fire Dist., 213 AD3d 748, 749-750; Fagbuyi v Accredited Home Lenders, Inc., [*2]140 AD3d 1011, 1012; Sobel v Ansanelli, 98 AD3d 1020, 1022).
"'In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911, quoting Langley v Melville Fire Dist., 213 AD3d 748, 750). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675 [internal quotation marks omitted]). "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (id. at 675 [internal quotation marks omitted]). Thus, "[a]n expression of pure opinion is not actionable . . . no matter how vituperative or unreasonable it may be" (Kasavana v Vela, 172 AD3d 1042, 1045, quoting Steinhilber v Alphonse, 58 NY2d 283, 289). "The allegedly defamatory statement must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader [or listener], and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (Bowen v Van Bramer, 205 AD3d at 675). "While a pure opinion cannot be the subject of a defamation claim, an opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it . . . is a mixed opinion and is actionable" (Davis v Boeheim, 24 NY3d 262, 269 [internal quotation marks omitted]).
Here, all of the defendant's statements contained in the October 2020 article, and many of the defendant's statements during the April 2020 interview, amounted to no more than "'nonactionable opinion or rhetorical hyperbole'" (Bowen v Van Bramer, 205 AD3d at 676, quoting Stolatis v Hernandez, 161 AD3d 1207, 1209).
To the extent that some of the defendant's statements of opinion during the April 2020 interview implied that they were "based upon facts which justify the opinion but are unknown to those reading or hearing it" (Davis v Boeheim, 24 NY3d at 269), the second amended complaint failed to properly plead special damages. Here, the second amended complaint alleged, without elaboration, that the allegedly slanderous statements made during the April 2020 interview "has damaged plaintiff's reputation resulting in a loss of new business that can be estimated to be in the sum of at least $300,000," and that the defendant "defamed plaintiff in his reputation and standing in the community and diminished his ability to attract new business in his trade and loss of confidence by existing customers." Such general statements "fail[ ] to adequately plead special damages" (Akpinar v Moran, 83 AD3d 458, 459; see Liberman v Gelstein, 80 NY2d 429, 434-435; Epifani v Johnson, 65 AD3d 224, 234).
Moreover, although "[a] plaintiff need not prove special damages . . . if he or she can establish that the alleged defamatory statement constituted slander per se" (Rufeh v Schwartz, 50 AD3d 1002, 1004), the second amended complaint failed to adequately allege slander per se. As relevant here, slander per se includes "statements (i) charging plaintiff with a serious crime; [and] (ii) that tend to injure another in his or her trade, business or profession" (Liberman v Gelstein, 80 NY2d 429, 435). In this case, according the plaintiff the benefit of every possible favorable inference, the defendant's statements during the April 2020 interview, at most, accused the plaintiff [*3]of trespass (Penal Law § 140.05) and harassment (see id. § 240.26), which are "relatively minor offense[s] in the New York Penal Law—not even a misdemeanor" (Liberman v Gelstein, 80 NY2d at 436), and, therefore, do not constitute "serious crime[s]" (id. at 435). Moreover, the statements made by the defendant during the April 2020 interview were not actionable under the "trade, business or profession" exception, since those statements constituted a "general reflection upon the plaintiff's character or qualities" (id. at 436 [internal quotation marks omitted]), and were not "made with reference to a matter of significance and importance for th[e] purpose" of harming the plaintiff in his business (id. [internal quotation marks omitted]).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7), in effect, to dismiss the second amended complaint.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court