Phipps v Kuonen (2025 NY Slip Op 05268)

Phipps v Kuonen

2025 NY Slip Op 05268

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-08919
 (Index No. 513984/21)

[*1]Shannon Phipps, appellant, 
v
Ryan Kuonen, et al., respondents, et al., defendant.

Reinhardt Savic Foley LLP, New York, NY (Brian L. Grossman, Thomas J. Foley, and Justin Loveland of counsel), for appellant.
Beldock Levine & Hoffman LLP, New York, NY (David B. Rankin and Katherine "Q" Adams of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation and private nuisance, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 4, 2021. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants Ryan Kuonen and Kevin LaCherra which was pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants, Ryan Kuonen, Kevin LaCherra, and Erick Walden, inter alia, to recover damages for defamation and private nuisance. The plaintiff alleged, among other things, that Kuonen posted several defamatory statements about the plaintiff to Kuonen's Instagram page, while describing a verbal altercation between the plaintiff and Walden. The verbal altercation had ended with the plaintiff calling the police and filing a police report. Kuonen's posts accused the plaintiff, inter alia, of engaging in racially motivated behavior. One of the posts also included a photograph of the plaintiff's home. The plaintiff further alleged, among other things, that LaCherra, during a community board meeting, "continued to push Kuonen's false narrative" that the plaintiff had engaged in racially motivated behavior and made defamatory statements about the plaintiff during that meeting.
Kuonen and LaCherra (hereinafter together the moving defendants) cross-moved, inter alia, pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint insofar as asserted against them. In an order dated November 4, 2021, the Supreme Court, among other things, granted that branch of the moving defendants' cross-motion. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Weinstein v Levitin, 208 AD3d 531, 532; see Clevenger v Yuzek, 222 AD3d 931, 934). A complaint which fails to state a claim under CPLR 3211(a)(7) necessarily lacks a "substantial basis in law" for purposes of 3211(g) (id. § 3211[g][1]; see Reeves v Associated [*2]Newspapers, Ltd., 232 AD3d 10; Southampton Day Camp Realty, LLC v Gorman, 118 AD3d 976, 978).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Whelan v Cuomo, 220 AD3d 979, 979 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41). "The allegedly defamatory statement must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader [or listener], and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (Whelan v Cuomo, 220 AD3d at 981 [internal quotation marks omitted]).
"'[A]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Kasavana v Vela, 172 AD3d 1042, 1045, quoting Steinhilber v Alphonse, 68 NY2d 283, 289). Where a statement of opinion recites the facts upon which it is based without implying the existence of additional, undisclosed facts, that statement is not actionable (see id.).
Here, the allegations in the complaint about Kuonen's social media posts consisted of non-actionable pure opinion that were based on disclosed facts that were substantially true. Deciding whether a statement is fact or opinion is a question of law to be decided by the courts (see Davis v Boeheim, 24 NY3d 262; North Shore Tower Apts. Inc. v Kozminsky, 219 AD3d 494). In distinguishing between fact and opinion, a court must consider the "tone and apparent purpose, as well as the overall context of the publication" (Stolatis v Hernandez, 161 AD3d 1207, 1210). The tone, the purpose of the social media posts, and the overall context of the publication made it apparent that Kuonen was retelling her version of the story with hyperbole and exclamation. Contrary to the plaintiff's contention, Kuonen's statements did not rely on undisclosed evidence about the plaintiff. Further, the plaintiff failed to sufficiently allege special harm or defamation per se (see Davydov v Youssefi, 205 AD3d 881).
Likewise, the allegations in the complaint relating to the comments made by LaCherra at the community board meeting also consisted of non-actionable pure opinion that were based on disclosed facts that were substantially true, and as such, his comments are not actionable (Perchuk v Perfect Body Image, LLC, 220 AD3d 894, 895).
Accordingly, the Supreme Court properly directed dismissal of the causes of action to recover damages for defamation asserted against each of the moving defendants.
"The elements of a private nuisance cause of action are: '(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act'" (Taggart v Costabile, 131 AD3d 243, 247, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570).
A defendant's activities on his or her own property will be sufficient to constitute a private nuisance, for example, where the defendant's activities violate an ordinance, and substantially and unreasonably interfere with the plaintiff's use of his or her property, including in circumstances involving town code noise provisions (see Curry v Matranga, 194 AD3d 1011, 1013). "[N]ot every annoyance will constitute a nuisance. Nuisance imports a continuous invasion of rights —a pattern of continuity or recurrence of objectionable conduct" (Harris v Miranda, 219 AD3d 1498, 1499 [internal quotation marks omitted]).
Here, the plaintiff failed to state a cause of action to recover damages for private nuisance. Under the facts and circumstances of this case, Kuonen's social media post that included a photograph of the plaintiff's home was not a private nuisance. The plaintiff's allegations do not [*3]constitute a substantial or continuous interference with the plaintiff's property rights (see Del Vecchio v Gangi, 225 AD3d 666; Harris v Miranda, 210 AD3d 1498).
Accordingly, the Supreme Court properly directed dismissal of the cause of action to recover damages for private nuisance insofar as asserted against Kuonen.
The plaintiff's failure to meet the CPLR 3211(a)(7) standard necessarily establishes her failure to meet the higher CPLR 3211(g) standard, required by the anti-SLAPP law because she failed to demonstrate that the causes of action to recover damages for defamation and private nuisance had a "substantial basis in law" (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10; Southampton Day Camp Realty, LLC v Gorman, 118 AD3d at 978).
The parties' remaining contention are not properly before this Court (see CPLR 1021(b)(1); People v Brown, 64 AD3d 611, 611).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court