Biagini Realty v Brightman (2025 NY Slip Op 07371)

Biagini Realty v Brightman

2025 NY Slip Op 07371

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00343
 (Index No. 7240/21)

[*1]Biagini Realty, et al., appellants, 
vShirley Brightman, etc., et al., respondents.

Law Office of Charles T. Bazydlo, P.C., Thompson Ridge, NY (Jennifer Bazydlo, pro hac vice, of counsel), for appellants.
J & G Law, LLP, Walden, NY (Lauren E. Scott of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated December 1, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and pursuant to Civil Rights Law § 70-a for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In a deal brokered by the plaintiff Biagini Realty (hereinafter Realty), the defendants purchased a plot of land and contracted with the plaintiff Salisbury Operating, Inc. (hereinafter Salisbury), to build a house. Salisbury and Realty were both owned by Paul Biagini. During their interactions with the plaintiffs, the defendants spoke only with Biagini. When the house was substantially completed and a deed transferring ownership was conveyed, certain items on a final inspection list remained incomplete. Approximately six months later, the work related to certain items on the final inspection list remained incomplete. After failed attempts to resolve the dispute with the plaintiffs, the defendants procured additional contractors to complete the work. Thereafter, in October 2020, the defendants filed a complaint with the Better Business Bureau and posted a question on Google's business profile of Realty related to the work not performed. In December 2020, the defendants sent a letter to the Ulster County District Attorney's Office Division of Consumer Affairs (hereinafter the Division) seeking reimbursement for the expenses incurred related to the work not performed.
The plaintiffs commenced this action in October 2021, asserting, inter alia, causes of action to recover damages for defamation and libel per se. The defendants moved, among other things, for summary judgment dismissing the complaint and pursuant to Civil Rights Law § 70-a for an award of attorneys' fees. In an order dated December 1, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiffs appeal.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a [*2]negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675 [internal quotation marks omitted]; see Joo Tae Yoo v Choi, 210 AD3d 1062, 1063). "A statement constitutes defamation per se if it tends to injure the plaintiff in her or his trade, business, or profession" (Joo Tae Yoo v Choi, 210 AD3d at 1063; see Liberman v Gelstein, 80 NY2d 429, 435; VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 91).
Only statements alleging facts can be the subject of a defamation action because only facts are capable of being proven false and falsity is a necessary element of defamation (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 91; Perchuk v Perfect Body Image, LLC, 220 AD3d 894, 895). "In distinguishing between statements of fact and those of pure opinion, it is necessary to consider the writing as a whole, including its tone and apparent purpose, as well as the overall context of the publication, to determine whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff" (Perchuk v Perfect Body Image, LLC, 220 AD3d at 895 [internal quotation marks omitted]; see Tsamasiros v Jones, 232 AD3d 816, 818).
"'[A]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Tsamasiros v Jones, 232 AD3d at 818, quoting Kasavana v Vela, 172 AD3d 1042, 1045). "Where a statement of pure opinion implies that it is based upon undisclosed facts which justify the opinion, it is actionable because a reasonable listener or reader would infer that the speaker or writer knows certain facts, unknown to the audience, which support the opinion and are detrimental to the person toward whom the communication is directed. Where, however, the opinion recites the facts upon which it is based without implying the existence of additional, undisclosed facts, that statement is not actionable" (Bowen v Van Bramer, 205 AD3d at 675 [alterations, citation, and internal quotation marks omitted]; see Kasavana v Vela, 172 AD3d at 1045).
As an initial matter, the complaint to the Better Business Bureau was posted more that one year prior to the commencement of the instant action, and thus, the Supreme Court properly granted summary judgment dismissing so much of the defamation cause of action as was predicated on that complaint as untimely (see CPLR 215[3]; Cohen v Cohen, 210 AD3d 633, 634). Further, the defendants met their prima facie burden of establishing that the statements made in the post to Realty's Google business profile and in the letter to the Division were either substantially true or an expression of nonactionable opinion. The defendants submitted, among other things, an affidavit, the final inspection list, photographs of the house, and receipts for additional repairs, which established that various items from the final inspection list were never completed by the plaintiffs, resulting in additional costs to the defendants for their newly built home. In opposition, the plaintiffs failed to raise a triable issue of fact (see Landa v Capital One Bank [USA], N.A., 172 AD3d 1052, 1054).
Enacted in 1992, New York's statute protecting against strategic lawsuits against public participation (hereinafter anti-SLAPP) provides protection against retaliatory lawsuits for citizens who participate in public affairs (see Civil Rights Law §§ 70-a, 76-a; Nelson v Ardrey, 231 AD3d 179, 183; VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 82). In 2020, the anti-SLAPP statute was amended to expand the definition of action involving public participation to include claims based upon "'(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition'" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 84, quoting Civil Rights Law § 76-a[1][a]).
"The term public interest shall be construed broadly, and shall mean any subject other than a purely private matter" (id. [alteration and internal quotation marks omitted]; see Nelson v Ardrey, 231 AD3d at 183; Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 29). Online platforms, such as Facebook, have been found to be public internet forums (see Nelson v Ardrey, 231 AD3d at 183; Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d at 31-32). "In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all [*3]other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue" (Civil Rights Law § 76-a[2]).
"In order to effect the purpose of the statute, the legislation provided that defendants could interpose a counterclaim which, if successful, could potentially recover costs, attorney's fees, and compensatory and punitive damages" (Nelson v Ardrey, 231 AD3d at 182; see Civil Rights Law § 70-a). To recover attorneys' fees, a defendant in an action involving public petition and participation must demonstrate, inter alia, that the action was "commenced or continued without a substantial basis in fact and law" (Civil Rights Law § 70-a[1][a]).
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to Civil Rights Law § 70-a for an award of attorneys' fees. The defendants established that the alleged defamatory statements were made in a place open to the public or a public forum in connection with an issue of public interest and that this action based on those statements was commenced without basis in the law. The alleged statements, posted to a platform that helps to educate the public about Realty's business and to build relationships with customers and sent in a letter to the Division with the stated purpose of seeking reimbursement, qualified as an exercise of the defendants' constitutional right to free speech and a comment on a matter of legitimate public interest—namely providing information about the business practices of the plaintiffs and Biagini to others who might transact business with the plaintiffs or Biagini (see Golan v Daily News, L.P., 214 AD3d 558, 559; see also Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d at 31-32).
The plaintiffs' remaining contentions are not properly before this Court.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court