Vola v Tully Constr. Co., Inc. (2026 NY Slip Op 01149)

Vola v Tully Constr. Co., Inc.

2026 NY Slip Op 01149

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 23168/20|Appeal No. 5955|Case No. 2024-05617|

[*1]Louis Vola Also Known as Luigi Vola, Plaintiff-Appellant,
vTully Construction Co., Inc., et al., Defendants-Respondents.

Mullen P.C., New York (Vincent R. FitzPatrick III of counsel), for appellant.
Cullen and Dykman LLP, Uniondale (Ryan Soebke of counsel), for respondents.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered August 8, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was employed by defendant construction company (Tully) as a site safety manager. Supreme Court properly granted summary judgment dismissing plaintiff's first claim of retaliatory termination of employment, as the record shows that plaintiff did not make "a complaint to his . . . employer" about Labor Law safety violations (Labor Law § 215[1][a][i]). Instead, plaintiff performed his job duties of ensuring site safety by coordination with supervisors on site and defendant vice president of risk management (Ryan) at Tully. As to the incident precipitating plaintiff's termination, there is no evidence that plaintiff reported any Labor Law violation to Tully supervisors, as he testified only that he stopped a laborer from improperly conducting asbestos abatement where the laborer could not properly wear a respirator mask (compare Neu v Amelia US, LLC, 226 AD3d 515, 516 [1st Dept 2024]). In any event, defendants proffered legitimate reasons for terminating plaintiff's employment, and plaintiff failed to raise triable issues of fact as to pretext (see e.g. Stephens v Isabella Geriatric Ctr., Inc., 178 AD3d 478, 478 [1st Dept 2019], lv denied 35 NY3d 514 [2020]; Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202-203 [1st Dept 2015]).
Supreme Court also properly granted summary judgment dismissing plaintiff's second retaliation claim, purportedly arising from plaintiff bringing this action (Labor Law § 215[1][a][iii]). The Labor Law § 215 retaliation claim cannot be maintained here because "the purported retaliatory act occurred when plaintiff was no longer an employee" of Tully (Vergara v Mission Capital Advisors, LLC, 200 AD3d 484, 485 [1st Dept 2021]; accord Cornell Univ. v Patsalides, 234 AD3d 434, 435 [1st Dept 2025]). Furthermore, the record demonstrates that defendants did nothing more than object to plaintiff exercising safety supervisory authority over Tully's workers at a site where Tully had been the prime contractor for over a year, citing a conflict of interest given this ongoing litigation. Indeed, the record shows that plaintiff's new employer and its client were not made aware of the instant action against defendants prior to offering plaintiff the job.
The defamation claim against Ryan was also properly dismissed. The allegedly defamatory words are "not reasonably susceptible of a defamatory meaning" and do not constitute defamation per se (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; see Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014]). The transcript of the audio recording in the record shows that Ryan did not connote that plaintiff was promiscuous or adulterous, as the statements concerning plaintiff saying he was getting divorced or he had three girlfriends were not made to assert these as true facts, but only to question reasons defendant gave for not accepting offers to work overtime shifts (compare Ava v NYP Holdings, Inc., 64 AD3d 407, 413 [1st Dept 2009], lv denied 14 NY3d 702 [2010]). Plaintiff testified that he did, in fact, tell Ryan that he would not work one night shift because he and his wife were going to visit his mother-in-law in the hospital (see Dillon, 261 AD3d at 39 ["Truth provides a complete defense"]).
Finally, Ryan's statements cannot "be readily interpreted as imparting to plaintiff 'fraud, dishonesty, misconduct or unfitness in [his] business'" (Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 261 [1st Dept 1995]). The allegedly defamatory statements did not reflect upon plaintiff's performance as a safety manager (see Aronson v Wiersma, 65 NY2d 592, 594 [1985]). Instead, the statements were a "general reflection upon . . . plaintiff's character or qualities" and were not made for the "purpose of harming . . . plaintiff in his business" (Whelan v Cuomo, 220 AD3d 979, 982 [2d Dept 2023] [internal quotation marks omitted], appeal dismissed and lv denied 41 NY3d 975 [2024]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026