■ Techo-TM, LLC, Respondent, v Fireaway, Inc., Appellant. [999 NYS2d 64]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered February 7, 2014, which, to the extent appealed from as limited by letter, denied defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The parties are foreign corporations that neither do nor are authorized to do business in New York (see CPLR 302), and this case does not fall under any of the exceptions permitting an action in this State by a foreign corporation against another foreign corporation (see Business Corporation Law § 1314 [b]). Business Corporation Law § 1314 (b) (4) provides for cases against a non-domiciliary that would be subject to the personal jurisdiction of this State's courts pursuant to CPLR 302. However, while New York recognizes consent as a basis for personal jurisdiction (see CPLR 301; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C301:1), it does not recognize consent as a basis for long-arm jurisdiction (see Graham v New York City Hous. Auth., 224 AD2d 248 [1st Dept 1996]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.