Diller v Mirto (2022 NY Slip Op 07220)

Diller v Mirto

2022 NY Slip Op 07220

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04221
 (Index No. 53947/18)

[*1]Jeanine A. Diller, appellant, 
v
Janina M. Mirto, respondent.

Rutberg Breslow, Poughkeepsie, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Greg I. Freedman], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated May 8, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery.
ORDERED that the order is affirmed, without costs or disbursements.
On June 3, 2017, the plaintiff allegedly was injured when the vehicle she was operating was struck by a vehicle operated by the defendant. In December 2018, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. After issue was joined, but prior to discovery, the plaintiff moved for summary judgment on the issue of liability. The defendant opposed the motion, arguing, inter alia, that the motion for summary judgment was premature. In an order dated May 8, 2020, the Supreme Court denied the plaintiff's motion without prejudice to renew upon the completion of discovery. The plaintiff appeals.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 838, 839; see Brea v Salvatore, 130 AD3d 956, 956). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 AD3d at 956; see CPLR 3212[f]; Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d at 840).
Under the circumstances here, where the plaintiff moved for summary judgment on the issue of liability prior to discovery and the record reflects that discovery might lead to relevant evidence pertaining to the circumstances of the accident, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery (see CPLR 3212[f]; Guo Ping Gu v Malaxos, 192 AD3d 1087, 1087-1088; Corvino v Schineller, 168 AD3d 812, 812-813; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000, 1001).
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court