Bono v Stim & Warmuth, P.C. (2023 NY Slip Op 02099)

Bono v Stim & Warmuth, P.C.

2023 NY Slip Op 02099

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03659
 (Index No. 616396/19)

[*1]Joseph Bono, et al., appellants,
v
Stim & Warmuth, P.C., et al., respondents.

McCormick Law Group, Huntington, NY (William L. McCormick of counsel), for appellants.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth, respondent pro se, of counsel), respondent pro se.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated February 24, 2020. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants represented the plaintiffs for a period of approximately six months in a commercial mortgage foreclosure action (hereinafter the underlying action). After the defendants were granted leave to withdraw as counsel and the plaintiffs retained new counsel, the plaintiffs commenced this action to recover damages for legal malpractice, alleging, inter alia, that the defendants negligently failed to assert criminal usury as an affirmative defense in the underlying action. Thereafter, the defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated February 24, 2020, the Supreme Court, among other things, granted the defendants' motion. The plaintiffs appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists [*2]regarding it . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Langley v Melville Fire Dist., 213 AD3d at 750).
"To state a valid cause of action alleging legal malpractice, the plaintiff must plead sufficient facts to show that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (York v Frank, 209 AD3d 804, 807 [internal quotation marks omitted]; see Rabasco v Buckheit & Whelan, P.C., 206 AD3d 770, 771). "To establish causation, the plaintiff must [also] show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Rabasco v Buckheit & Whelan, P.C., 206 AD3d at 771 [internal quotation marks omitted]; see York v Frank, 209 AD3d at 807).
Here, contrary to the plaintiffs' contention, after considering the evidentiary proof submitted by the defendants, the Supreme Court properly determined whether the plaintiffs had a cause of action against the defendants, and not whether the complaint stated one (see Guggenheimer v Ginzburg, 43 NY2d at 275; Langley v Melville Fire Dist., 213 AD3d at 750-751).
The claim of legal malpractice was predicated on the plaintiffs' allegations that the court would have ruled in their favor in the underlying action had the defendants asserted the affirmative defense of criminal usury. However, the evidence indisputably demonstrated that the annual interest rate imposed under the loan documents was 6.5%, and, therefore, was not criminally usurious (see Penal Law § 190.40; Paycation Travel, Inc. v Global Merchant Cash, Inc., 192 AD3d 1040, 1041). Moreover, contrary to the plaintiffs' contention, "the defense of usury does not apply where . . . the terms of the . . . note impose a rate of interest in excess of the statutory maximum only after default or maturity" (Torto Note Member, LLC v Babad, 192 AD3d 843, 845 [internal quotation marks omitted]; see Kraus v Mendelsohn, 97 AD3d 641, 641).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court