Fundfi Merchant Funding, LLC v BKT High Quality Healthcare Agency LLC (2024 NY Slip Op 24006)

[*1]

Fundfi Merchant Funding, LLC v BKT High Quality Healthcare Agency LLC

2024 NY Slip Op 24006

Decided on January 10, 2024

Supreme Court, Kings County

Montelione, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 10, 2024
Supreme Court, Kings County

Fundfi Merchant Funding, LLC, Plaintiff,

against
BKT High Quality Healthcare Agency LLC D/B/A DIGNITY NURSING SOLUTIONS, KYWANA E HALL and TANISHA T RUSSELL-COHEN, Defendants.

Index No. 508162/2022

For Plaintiff
Steven William Wells, Esq. Wells Law P.C.
229 Warner Road, Lancaster, NY 14086
For Defendants
Amos Weinberg, Esq.
Law Office of Amos Weinberg
49 Somerset Dr. S., Great Neck, NY 11020

Richard J. Montelione, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers Numbered
Defendants BKT and Hall's Motion to Dismiss, Exhibits, Memorandum of Law in Support of Motion to Dismiss filed on November 28, 2022 29-35
Plaintiff's Attorney Affirmation in Opposition to Motion to Dismiss affirmed by Efraim Kandinov, Esq. on June 12, 2023, Exhibits, Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss filed on June 14, 2023 39-42
Defendants BKT and Hall's Reply Affirmation affirmed by Amos Weinberg, Esq. on June 14, 2023, Exhibits 43-45
This is an action to recover for breach of contract. Specifically, on or about June 3, 2021, Fundfi Merchant Funding, LLC ("plaintiff") and defendant BKT Quality Healthcare Agency LLC ("BKT") allegedly entered into an agreement whereby plaintiff agreed to purchase BKT's future receivables of $65,250 for the purchase price of $45,000. Defendants Kyana E Hall ("Hall") and Tanisha T Russell-Cohen ("Russell-Cohen") allegedly executed personal guaranties for BKT's obligation. 
Plaintiff commenced this action by filing a summons and complaint on March 21, 2022. All defendants were served with the summons and verified complaint via email with the words "Personal & Confidential" in the subject line, pursuant to the addendum to the merchant cash advance agreement. See NYSCEF #2 and 12. A default judgment was entered by the Kings County Clerk on April 22, 2022. The parties executed a stipulation to vacate the default judgment, which Justice Peter Paul Sweeney so-ordered. NYSCEF #28. Defendants BKT and Hall now move to dismiss the complaint on the ground that the court lacks jurisdiction (MS #2). Specifically, the moving defendants contend that the forum selection clause contained in the merchant cash advance agreement does not give this court jurisdiction. Defendant Hall affirms that she is the owner and operator of BKT and was on grief leave due to her boyfriend's death. See NYSCEF # 32. Hall further affirms that she retained Russell-Cohen to run BKT while Hall was on grief leave, and Russell-Cohen never had authority to enter the merchant cash advance agreement. Id. The moving defendants further maintain that defendant Russell-Cohen forged defendant Hall's signature on the merchant cash advance agreement, so the agreement and its forum selection clause are unenforceable against the moving defendants.
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff." Sutton v. Houllou, 191 AD3d 1031 (2d Dep't 2021) quoting Lowy v. Chalkable, LLC, 186 AD3d 590, 591 (2d Dep't 2020). "In opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists." Sutton Supra quoting Skutnik v. Messina, 178 AD3d 744, 744—745 (2d Dep't 2019). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court." Puleo v. Shore View Center for Rehabilitation and Health Care, 132 AD3d 651, 653 (2d Dep't 2015) quoting KMK Safety Consulting, LLC v. Jeffrey M. Brown Assoc., Inc., 72 AD3d 650, 651 (2d Dep't 2010). In the instant case, the merchant cash advance agreement contains a provision which states "[a]ny suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall if Fundfi so elects, be instituted in any court sitting in the State of Connecticut, or New York State." NYSCEF # 31, paragraph 4.5. The merchant cash advance agreement in question also contains a provision that states the "Agreement shall be governed by and construed in accordance with the laws of the State of New York. Id. 
The moving defendants allege that this court lacks jurisdiction over them, notwithstanding the above referenced forum selection clause. The moving defendants argue that because both plaintiff and defendant BKT were formed in foreign states, and defendant BKT is [*2]not registered or authorized to do business in New York, under BCL § 1314(c) plaintiff has no capacity to sue defendants, including the individual defendants, in this jurisdiction. BCL § 1314 states: 
(a) An action or special proceeding against a foreign corporation may be maintained by a resident of this state or by a domestic corporation of any type or kind for any cause of action.
(b) Except as otherwise provided in this article, an action or special proceeding against a foreign corporation may be maintained by another foreign corporation of any type or kind or by a non-resident in the following cases only:
(1) Where it is brought to recover damages for the breach of a contract made or to be performed within this state, or relating to property situated within this state at the time of the making of the contract.
(2) Where the subject matter of the litigation is situated within this state.
(3) Where the cause of action arose within this state, except where the object of the action or special proceeding is to affect the title of real property situated outside this state.
(4) Where, in any case not included in the preceding subparagraphs, a non-domiciliary would be subject to the personal jurisdiction of the courts of this state under section 302 of the civil practice law and rules.
(5) Where the defendant is a foreign corporation doing business or authorized to do business in this state.
(c) Paragraph (b) does not apply to a corporation which was formed under the laws of the United States and which maintains an office in this state.
No provision under BCL § 1314(c) applies. Here, the only nexus involving the parties and New York is the purported contract itself containing a forum selection and choice of New York law provision.Defendants argue that GOL § 5-1402 does not apply, as the transaction involves less than $1 million. GOL 5-1402(1) follows:
Notwithstanding any act which limits or affects the right of a person to maintain an action or proceeding, including, but not limited to, paragraph (b) of section thirteen hundred fourteen of the business corporation law and subdivision two of section two hundred-b of the banking law, any person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state. (Emphasis Added).
The parties agree that plaintiff was formed under the laws of Delaware. Moving defendants claim, and plaintiff does not dispute that, defendant BKT was formed under the laws [*3]of New Jersey. Moving defendants allege that the BCL § 1314(c) exclusionary clause only applies to corporations formed by the Federal Government and does not apply to corporations formed under the law of the several states. Moving defendants further maintain that GOL § 5-1402(1) limits this court from exercising jurisdiction over cases involving foreign corporations with less than $1 million in controversy. However, in National Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley, (257 AD2d 228, 230 (1st Dep't 1999), the Appellate Division, First Department held that GOL § 5-1402 "is not a limitation on the use and effectiveness of forum selection clauses. Rather, it contains a statutory mandate that a clause designating New York as the forum 'shall' be enforceable, in cases involving $1 million or more, regardless of any inconvenience to the parties." 
The defendants cite Techo-TM, LLC v Fireaway, Inc., 123 AD3d 610, 999 NYS2d 64, 2014 NY Slip Op 08908, 2014 WL 7263681 [1st Dept 2014] for the proposition that consent is only a basis for personal, but not long arm jurisdiction. "While New York recognizes consent as a basis for personal jurisdiction, it does not recognize consent as a basis for long-arm jurisdiction (see Techo-TM, LLC v Fireaway, Inc., 123 AD3d 610 [1st Dept 2014])." The defendants cite Harper Advance v. Chance Reynolds Trucking LLC, 2023 NY Slip Op 31191&U), 2, and Pearl Beta Funding, LLC v Elegant Trio Colors Corp, 2023 NY Slip Op. 31936[U] [NY Sup Ct, Queens County 2023], but there also is no specific mention of a written agreement containing a forum selection clause or an agreement to only apply New York law.
Issue: May the court exercise jurisdiction under GOL § 5-1402(1)?
For purposes of determining the motion to dismiss, the court will assume the applicability of the forum selection and choice of New York law clauses. The parties agreed to New York (or Connecticut) as the forum and the exclusive application of New York law. The court finds that the foregoing facts constitute an exception under GOL § 5-1402(1) as National Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley, 257 AD2d 228, 230 (1st Dep't 1999) gives discretion to the court when the amount is less than $1 million dollars and the the court further finds the forum is appropriate as neither party addresses the convenience of the forum. See CPLR Rule 327; Bizfund LLC v Holland & Sliger Steel, LLC, 71 Misc 3d 1226(A), 146 NYS3d 465, 2021 NY Slip Op 50504(U), 2021 WL 2173314 [Sup Ct 2021].
See also Siegel's Practice Review, 101 Siegel's Prac. Rev. 4 (November, 2000), Forum Selection Clause PROVISIONS MANDATING RECOGNITION OF FORUM SELECTION CLAUSE IN $1 MILLION+ CASES DO NOT BAR ITS RECOGNITION IN SMALLER CASES101 Siegel's Prac. Rev. 4:
A 1984 law that amended CPLR 327 and other statutes provides that in a commercial transaction involving "not less than one million dollars" and in which the parties have stipulated in their contract to both a choice of New York law substantively and the jurisdiction of the New York courts exclusively, the doctrine of forum non conveniens is superseded and the New York courts must entertain the case. See Siegel, New York Practice 3d Ed. § 28. The idea is to keep such commercial cases in New York and insulate them from what might otherwise be, on the facts of an individual case, a dismissal under the conveniens doctrine.
Do these provisions, mandating recognition of a forum selection clause in $1 million+ [*4]cases, prevent the court from recognizing the clause in a smaller case? They do not, holds National Union Fire Ins. Co. v. Worley, 257 AD2d 228, 690 N.Y.S.2d 57 (1st Dep't 1999), recognizing the clause in a smaller one.
The court is aware that other courts have found that even where there is a written agreement designating New York as the forum, and the application of New York law, that consent to long arm jurisdiction is not recognized and that unless the amount in controversy is more than one million dollars the court lacks long arm jurisdiction. See Mobile Programming LLC v Tallapureddy, 71 Misc 3d 1219(A), 144 NYS3d 558, 2021 NY Slip Op 50411(U), 2021 WL 1899461 [Sup Ct 2021]. See also Harper Advance v Chance Reynolds Trucking LLC and Chance Roland Reynolds, King Cty Index No. 522065/2020 (NYSCef Doc. 41), Mobile Programming LLC v Tallapureddy, 71 Misc 3d 1219(A), 144 NYS3d 558, 2021 NY Slip Op 50411(U), 2021 WL 1899461 [NY Cty Sup Ct 2021]; Funding Metrics, LLC d/b/a Quick Fix Capital v Letha's Pies, LLC, et al, [NY Cty Sup Ct. Index No. 655798/2019]. But given the public policy considerations underlying GOL § 5-1402(1) to promote New York as a forum for commercial disputes, and the trend toward enforcing such provisions, especially between business entities, this court will not dismiss this action based on forum inconvenience when defendant has not raised this as a basis to dismiss. See CPLR Rule 321. Cf. Lifetime Brands, Inc. v Garden Ridge, L.P., 105 AD3d 1011, 1012, 963 NYS2d 718, 719, 2013 NY Slip Op 02721, 2013 WL 1749383 [2d Dept 2013]:
"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (Brooke Group v. JCH Syndicate 488, 87 NY2d 530, 534, 640 N.Y.S.2d 479, 663 N.E.2d 635). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (Creative Mobile Tech., LLC v. Smart Modular Tech., Inc., 97 AD3d 626, 948 N.Y.S.2d 375 [citation omitted]).
See and Cf. Sterling Nat. Bank as Assignee of NorVergence, Inc. v E. Shipping Worldwide, Inc., 35 AD3d 222, 826 NYS2d 235, 2006 NY Slip Op 09291, 2006 WL 3592323 [1st Dept 2006]; see Zucker v Waldmann, 43 Misc 3d 1233(A), 993 NYS2d 647, 2014 NY Slip Op 50914(U), 2014 WL 2649912, at 13 [Kings Cty Sup 2014], "the 'very point' of forum selection clauses was 'to avoid litigation over personal jurisdiction, as well as disputes arising over the application of the long-arm statute,' and that 'it is the well-settled policy of the courts of this State to enforce contractual provisions for ... selection of a forum for litigation' (Sterling Natl. Bank, 35 AD3d at 222, quoting Koob v. IDS Fin. Servs., 213 AD2d 26, 33 [1st Dept 1995])."
Turning now to the moving defendants' contention that defendant Hall's signature on the merchant cash agreement was forged, defendant Hall affirms that her signature on the merchant cash advance agreement was forged, and she never intended to enter into this agreement. See NYSCEF # 32. Defendant Hall further affirms that she is the owner of defendant BKT, and defendant Russell-Cohen was never authorized to enter into this agreement. Id. Plaintiff opposes this motion on the ground that questions of fact remain as to whether defendant Russell-[*5]Cohen was authorized to execute the merchant cash advance agreement on defendant BKT's behalf. There is no documentary evidence as to the where the funds were deposited and/or how the funds were utilized and/or whether defendants benefited from those funds. Given that discovery has not been completed, and certain information about the circumstances surrounding the fraud are unknown, dismissal at this stage is premature. See Diller v Mirto, 211 AD3d 912, 913, 181 NYS3d 277, 278, 2022 NY Slip Op 07220, 2022 WL 17824542 [2d Dept 2022]:
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Village of Dobbs Ferry v. Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 838, 839, 156 N.Y.S.3d 285; see Brea v. Salvatore, 130 AD3d 956, 956, 13 N.Y.S.3d 839). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v. Salvatore, 130 AD3d at 956, 13 N.Y.S.3d 839; see CPLR 3212[f]; Village of Dobbs Ferry v. Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d at 840, 156 N.Y.S.3d 285).
For the foregoing reasons it is hereby
ORDERED that defendants BKT Quality Healthcare Agency LLC and Kyana E Hall's motion to dismiss (MS #2) is DENIED without prejudice to renew after the completion of discovery.
This constitutes the decision and order of the court.
E N T E R
__________________________________
Hon. Richard J. Montelione, J.S.C.