Neurological Surgery, P.C. v Group Health Inc. (2024 NY Slip Op 00635)

Neurological Surgery, P.C. v Group Health Inc.

2024 NY Slip Op 00635

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-05699
 (Index No. 612078/17)

[*1]Neurological Surgery, P.C., plaintiff/counterclaim defendant-respondent-appellant, 
v
Group Health Incorporated, defendant/counterclaim plaintiff-appellant- respondent; Robert Holtzman, et al., counterclaim defendants-respondents-appellants.

Morrison Cohen LLP, New York, NY (Howard S. Wolfson and Alvin C. Lin of counsel), for defendant/counterclaim plaintiff-appellant-respondent.
Harris Beach PLLC, Uniondale, NY (Roy W. Breitenbach, Svetlana K. Ivy, and Kaitlin E. O'Brien of counsel), for plaintiff/counterclaim defendant-respondent-appellant and counterclaim defendants-respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendant/counterclaim plaintiff appeals, and the plaintiff/counterclaim defendant and the counterclaim defendants cross-appeal, from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated June 22, 2021. The order, insofar as appealed from, denied the motion of the defendant/counterclaim plaintiff for summary judgment dismissing so much of the complaint as sought to recover upon certain claims for health insurance benefits. The order, insofar as cross-appealed from, denied the motion of the plaintiff/counterclaim defendant and the counterclaim defendants pursuant to CPLR 3211(a) to dismiss the counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the plaintiff/counterclaim defendant and the counterclaim defendants which was pursuant to CPLR 3211(a) to dismiss the tenth counterclaim, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff is a private neurosurgery practice with offices on Long Island and in New York City. While the plaintiff does not have a contract with the defendant, Group Health Incorporated (hereinafter GHI), to accept GHI's in-network rates, a small number of its physicians entered into independent contracts with GHI under which they agreed to, inter alia, accept GHI's in-network rates. The plaintiff provided medical services to patients who were members of a GHI-administered health plan (hereinafter members), and submitted 284 claims for health insurance benefits to GHI for such services (hereinafter claims) at the usual, customary, and reasonable rate, pursuant to assignments from those members. GHI did not pay the 284 claims submitted by the plaintiff, in whole or in part. The plaintiff then commenced this action against GHI, among other things, to recover damages for breach of contract and unjust enrichment.
On or about June 15, 2020, GHI interposed an answer and asserted various counterclaims against the plaintiff and the counterclaim defendants, who were physicians in the plaintiff's practice who had entered into independent contracts with GHI. On or about June 19, 2020, GHI moved for summary judgment dismissing so much of the complaint as sought to recover upon 250 of the 284 claims for health insurance benefits. On August 25, 2020, the plaintiff moved to hold GHI's motion in abeyance until the completion of discovery. Thereafter, the plaintiff and the counterclaim defendants moved pursuant to CPLR 3211(a) to dismiss the counterclaims.
In an order dated June 22, 2021, the Supreme Court, inter alia, denied GHI's motion and the motion of the plaintiff and the counterclaim defendants, without prejudice to renew upon the completion of discovery. GHI appeals, and the plaintiff and the counterclaim defendants cross-appeal.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Cruz v Fanoush, 214 AD3d 703, 703 [internal quotation marks omitted]; see Diller v Mirto, 211 AD3d 912, 913). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Cruz v Fanoush, 214 AD3d at 703 [internal quotation marks omitted]; see CPLR 3212[f]; Diller v Mirto, 211 AD3d at 913).
Under the circumstances here, where GHI moved for summary judgment dismissing so much of the complaint as sought to recover upon 250 of the 284 claims for health insurance benefits during the early stages of discovery before depositions had been conducted, and the record reflects that discovery might lead to relevant evidence pertaining to the scope of coverage and amount of benefits for out-of-network services under the relevant plan documents, the Supreme Court properly denied GHI's motion without prejudice to renew upon the completion of discovery (see CPLR 3212[f]; Cruz v Fanoush, 214 AD3d at 703; Diller v Mirto, 211 AD3d at 913).
The Supreme Court also properly denied dismissal of the first, second, third, sixth, seventh, and ninth counterclaims pursuant to CPLR 3211(a)(1). Contrary to the contention of the plaintiff and the counterclaim defendants, the by-laws of the plaintiff did not conclusively establish that each of the counterclaim defendants lacked actual or apparent authority to agree in their respective agreements with GHI that any claim submitted by a non-participating provider sharing the same tax identification number as him would bill GHI at the in-network rate (see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911). Moreover, the affidavits the plaintiff and counterclaim defendants submitted in support of their motion to dismiss the counterclaims were not documentary evidence for purposes of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d 597, 597-598; U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 855, 857).
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bono v Stim & Warmuth, P.C., 215 AD3d at 911 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). In order to state a cause of action for negligent misrepresentation, a plaintiff must allege "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission]" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [internal quotation marks omitted]; see Feldman v Byrne, 210 AD3d 646, 650; High Tides, LLC v DeMichele, 88 AD3d 954, 959). "Generally, a special relationship does not arise out of an ordinary arm's length business transaction between two parties" (Feldman v Byrne, 210 AD3d at 650; see High Tides, LLC v DeMichele, 88 AD3d at 960).
Here, since GHI failed to allege any special or privity-like relationship between it and the plaintiff or it and the counterclaim defendants, beyond an ordinary arm's-length business transaction, the Supreme Court should have granted dismissal of the tenth counterclaim pursuant to [*2]CPLR 3211(a)(7).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court