Neurological Surgery, P.C. v Group Health Inc. (2024 NY Slip Op 00634)

Neurological Surgery, P.C. v Group Health Inc.

2024 NY Slip Op 00634

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-00658
 (Index No. 612078/17)

[*1]Neurological Surgery, P.C., respondent,
v
Group Health Incorporated, appellant.

Morrison Cohen LLP, New York, NY (Howard S. Wolfson, Alvin C. Lin, and Terence K. McLaughlin of counsel), for appellant.
Harris Beach PLLC, Uniondale, NY (Roy W. Breitenbach of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered January 2, 2020. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the eighth and tenth causes of action and the demand for punitive damages in the third and fourth causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff provided healthcare services to patients who were members of a health insurance plan administered by the defendant, Group Health Incorporated (hereinafter GHI), and submitted 284 claims to GHI for those services. Although the plaintiff did not have a contract with GHI to accept GHI's in-network rates, it alleges that under a substantial number of GHI's agreements with its members, members were permitted to seek medically necessary treatment from out-of-network providers, and GHI was obligated to reimburse the member or the out-of-network provider for such treatment at the usual, customary, and reasonable rate (hereinafter UCR rate). The GHI members allegedly assigned to the plaintiff their rights to receive reimbursement from GHI in exchange for the plaintiff's healthcare services.
After GHI failed to pay the 284 claims submitted by the plaintiff, in whole or in part, and sought to recoup payments it previously made to the plaintiff at the UCR rate, the plaintiff commenced this action against GHI asserting 10 causes of action. The first and second causes of action seek damages and attorneys' fees under the Employee Retirement Income Security Act. The third, fourth, and eighth causes of action allege breach of contract. The seventh cause of action alleges a violation of New York Insurance Law § 3224-a. The tenth cause of action alleges conversion. The complaint includes demands for punitive damages in the third, fourth, fifth, sixth, eighth, ninth, and tenth causes of action. GHI moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order entered January 2, 2020, the Supreme Court, inter alia, denied the motion. GHI appeals.
The Supreme Court properly denied dismissal of the first, second, third, and seventh causes of action pursuant to CPLR 3211(a)(1). Contrary to GHI's contention, its submission of the plan contract documents for the City of New York Employees and Retirees GHI Comprehensive Benefits Plan, the Exclusive Provider Option, and the Preferred Provider Option neither refuted the factual allegations of these causes of action nor conclusively established a defense to any of them as a matter of law because the subject documents lacked any information linking the three plans to any of the 284 claims for health insurance benefits that the plaintiff submitted to GHI (see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911). Moreover, neither the affidavit that GHI submitted in support of its motion, nor the attachments thereto, were documentary evidence for purposes of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d 597, 597-598; U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 855, 857).
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bono v Stim & Warmuth, P.C., 215 AD3d at 911 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
"A party asserting rights as a third-party beneficiary 'must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost'" (Merlino v Knudson, 214 AD3d 642, 644, quoting Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786). "[A]n intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [citations omitted]; see Merlino v Knudson, 214 AD3d at 644). "Courts generally have recognized a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party" (Merlino v Knudson, 214 AD3d at 644 [internal quotation marks omitted]; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956).
Here, the Supreme Court erred in determining that the complaint states a cause of action for breach of contract under a third-party beneficiary theory. The plaintiff's conclusory allegation that it was an intended beneficiary of the health insurance contracts between GHI and its members was insufficient to state a cause of action for breach of contract under a third-party beneficiary theory. Moreover, the complaint failed to allege that the plaintiff was the only party that could recover for breach of contract or that there was an intent in the contract to permit the plaintiff to enforce the contract (see Merlino v Knudson, 214 AD3d at 645; Financial Assistance, Inc. v Graham, 191 AD3d at 956). Therefore, the court should have granted dismissal of the eighth cause of action pursuant to CPLR 3211(a)(7).
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see Merlino v Knudson, 214 AD3d at 645). "[T]he mere right to payment cannot be the basis for a cause of action alleging conversion since the essence of a conversion cause of action is the unauthorized dominion over the thing in question" (CSI Group, LLP v Harper, 153 AD3d 1314, 1320-1321 [internal quotation marks omitted]; see Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1006). "An action will lie to recover damages for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question" (County of Nassau v Expedia, Inc., 120 AD3d 1178, 1180; see CSI Group, LLP v Harper, 153 AD3d at 1321).
Here, the plaintiff's assertion that it had a right to payment for the services it provided to GHI's members at the UCR rate, including the return of the amounts that GHI allegedly improperly recouped, failed to state a cause of action for conversion (see CSI Group, LLP v Harper, [*2]153 AD3d at 1321; Daub v Future Tech Enter., Inc., 65 AD3d at 1006). Moreover, there was no allegation that the money that allegedly was converted was in a specific, identifiable fund (see CSI Group, LLP v Harper, 153 AD3d at 1321). Therefore, the Supreme Court should have granted dismissal of the tenth cause of action pursuant to CPLR 3211(a)(7).
"Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 808). Among other things, the plaintiff's conclusory allegations that GHI's conduct was wanton, reckless, and affected the public were insufficient to sustain its demand for punitive damages. Therefore, the Supreme Court should have granted dismissal of the demand for punitive damages in the third and fourth causes of action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court