Pearl Beta Funding, LLC v Elegant Trio Colors Corp. (2025 NY Slip Op 02217)

Pearl Beta Funding, LLC v Elegant Trio Colors Corp.

2025 NY Slip Op 02217

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-07331
2023-07332
 (Index No. 706306/22)

[*1]Pearl Beta Funding, LLC, appellant, 
v
Elegant Trio Colors Corp., doing business as Jazzy France, et al., respondents.

Murray Legal, PLLC, Mineola, NY (Christopher R. Murray and Phillip A. Spinella of counsel), for appellant.
Amos Weinberg, Great Neck, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 9, 2023, and (2) a judgment of the same court entered June 14, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff, a Delaware limited liability company qualified to do business in New York, commenced this action to recover damages for breach of contract against the defendant Elegant Trio Colors Corp., doing business as Jazzy France (hereinafter Elegant), a corporation organized and existing under the laws of California, and the defendant Leila Tolentino Cristobal, Elegant's owner/operator who resides in California. The complaint alleged, inter alia, that in December 2021, the parties entered into an agreement, whereby the plaintiff agreed to purchase the rights to an agreed upon value for Elegant's future receivables in exchange for a certain purchase price and that Elegant breached the agreement by failing to make required payments due thereunder.
The defendants moved pursuant to CPLR 3211(a)(2) to dismiss the complaint, [*2]contending that, under Business Corporation Law § 1314, the Supreme Court lacked subject matter jurisdiction. In an order entered June 9, 2023, the court granted the motion. In a judgment entered June 14, 2023, upon the order, the court dismissed the complaint. The plaintiff appeals.
"In the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326), and "the facts alleged in the complaint and any submissions in opposition to the dismissal motion" are accepted as true (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152). Under Business Corporation Law § 1314(b), generally, "an action or special proceeding against a foreign corporation may be maintained by another foreign corporation of any type or kind or by a non-resident in [certain] cases only." As relevant here, those "cases" include where the action "is brought to recover damages for the breach of a contract made or to be performed within this state, or relating to property situated within this state at the time of the making of the contract" (id. § 1314[b][1]), or where "a non-domiciliary would be subject to the personal jurisdiction of the courts of this state under" CPLR 302(a)(1), New York's long-arm statute (Business Corporation Law § 1314[b][4]). Under CPLR 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary" who "transacts any business within th[is] state or contracts anywhere to supply goods or services in the state."
Initially, contrary to the plaintiff's contention, Business Corporation Law § 1314(b) applies to this action, since the plaintiff is a "non-resident" limited liability company and Elegant is a foreign corporation (id.; see Techo-TM, LLC v Fireaway, Inc., 123 AD3d 610, 610; Mobile Programming LLC v Tallapureddy, 71 Misc 3d 1219[A], 2021 NY Slip Op 50411[U] [Sup Ct, NY County]). In opposition to the defendants' motion, the plaintiff submitted an affidavit of Adnan Abrar, its funding manager. In his affidavit, Abrar averred, among other things, that he reviewed and countersigned the underlying agreement in New York, that the plaintiff performed under the agreement by delivering the purchase price and making payment from its account at BankUnited located in Melville, and that the defendants remitted purchased receivables under the agreement to the plaintiff, which were accepted by the plaintiff at its account located in New York. These averments, viewed in the light most favorable to the plaintiff, were sufficient, at this early stage of the litigation, to establish that the Supreme Court could exercise subject matter jurisdiction over this action (see Business Corporation Law § 1314[b][1], [4]; cf. Techo-TM, LLC v Fireaway, Inc., 123 AD3d at 610).
Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court