Fabi v Prudential Ins. Co. of Am. (2025 NY Slip Op 04633)

Fabi v Prudential Ins. Co. of Am.

2025 NY Slip Op 04633

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09133
 (Index No. 518384/21)

[*1]Teresa Fabi, appellant, 
v
Prudential Insurance Company of America, et al., respondents.

McLaughlin & Stern, LLP, Garden City, NY (John M. Brickham of counsel), for appellant.
Seyfarth Shaw LLP, New York, NY (Tracee E. Davis of counsel), for respondent Prudential Insurance Company of America.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (MacKenzie Fillow and Jennifer Lerner of counsel), for respondent Management Benefits Fund of the City of New York.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina L. Abadi, J.), dated June 21, 2023. The order granted the motion of the defendant Prudential Insurance Company pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against it and granted the motion of the defendant Management Benefits Fund of the City of New York pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and breach of fiduciary duty insofar as asserted it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Prudential Insurance Company pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against it, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Management Benefits Fund of the City of New York which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable to the plaintiff by the defendants.
In July 2021, the plaintiff commenced this action against the defendants, Prudential Insurance Company (hereinafter Prudential) and Management Benefits Fund of the City of New York (hereinafter MBF), inter alia, to recover damages for breach of contract and breach of fiduciary duty. The complaint alleged, among other things, that the defendants failed to pay the plaintiff certain insurance proceeds pursuant to a life insurance policy (hereinafter the policy) managed by MBF and issued by Prudential to the plaintiff's now-deceased spouse (hereinafter the decedent). The plaintiff alleged, inter alia, that she was the beneficiary of the policy insuring the decedent, a retired employee of the City of New York, which was paid up and in force and effective at the time of the [*2]decedent's death. Prudential moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action alleging breach of contract insofar as asserted against it. MBF moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action alleging breach of contract and breach of fiduciary duty insofar as asserted against it. The plaintiff opposed. In an order dated June 21, 2023, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
"'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as 'documentary evidence,' it must be 'unambiguous, authentic, and undeniable'" (Leader v Steinway, Inc., 180 AD3d 886, 887, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808 [alteration and internal quotation marks omitted]; see Leader v Steinway, Inc., 180 AD3d at 887-888).
"'In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Curto v Curto, 235 AD3d 616, 618 [internal quotation marks omitted], quoting Bono v Stim & Warmuth, P.C., 215 AD3d at 911). "'Where evidentiary material is submitted and considered on a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (Schwartz v Fallah, 230 AD3d 1263, 1264, quoting Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court should have denied Prudential's motion and that branch of MBF's motion which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against each of them.
As an initial matter, the defendants each failed to establish that an insurance form proffered by them constituted documentary evidence within the meaning of CPLR 3211(a)(1) (see Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d at 808; Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). Likewise, the defendants each failed to show that an audio recording they submitted in support of their separate motions constitutes documentary evidence within the meaning of CPLR 3211(a)(1) (see Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 850). Accordingly, dismissal of the cause of action alleging breach of contract insofar as asserted against each of them should not have been granted under CPLR 3211(a)(1).
Moreover, the defendants each failed to establish their entitlement to dismissal of the cause of action alleging breach of contract insofar as asserted against each of them under CPLR 3211(a)(7), as Prudential's letter to the decedent, the insurance policy, the audio recording of the decedent, and the insurance form the defendants contend was executed by the decedent failed to show that a material fact was not a fact at all and that no significant dispute exists regarding it (see Yan Ping Xu v Van Zwienen, 212 AD3d at 874; Cajigas v Clean Rite Ctrs., LLC, 187 AD3d 700, 702). Accordingly, dismissal of the cause of action alleging breach of contract insofar as asserted against each of them should not have been granted under CPLR 3211(a)(7).
Nonetheless, the Supreme Court properly granted that branch of MBF's motion which [*3]was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty asserted against it. Here, MBF established that the complaint failed to state a cause of action alleging breach of fiduciary duty pursuant to CPLR 3211(a)(7), as the plaintiff failed to allege any facts to establish that MBF owed her a fiduciary duty of care such that she had a cause of action against MBF for violation of such a duty (see Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 702; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775).
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court