Matter of Remy v Bellone (2025 NY Slip Op 06864)

Matter of Remy v Bellone

2025 NY Slip Op 06864

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-08564
 (Index No. 610229/21)

[*1]In the Matter of Lesly Remy, petitioner/plaintiff-appellant, 
v
Steve Bellone, etc., et al., respondents/defendants-respondents, et al., respondents/defendants.

Lesly Remy, Brentwood, NY, petitioner/plaintiff-appellant pro se.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Alyssa L. Garone of counsel), for respondents/defendants-respondents Steve Bellone, Rosaline Drago, Peter Pavalonis, and Lois Marie Sicignano Rowman.
Michael P. Walsh, Town Attorney, Islip, NY (Jeffrey S. Panasci of counsel), for respondent/defendant-respondent Alexis Weik.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 14, 2021. The order and judgment granted the motion of the respondents/defendants Steve Bellone, Rosaline Drago, Peter Pavalonis, and Lois Marie Sicignano Rowman pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against them and the separate motion of the respondent/defendant Alexis Weik pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against her and dismissed the proceeding/action against each of those respondents/defendants.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents/defendants-respondents appearing separately and filing separate briefs.
In June 2019, the petitioner/plaintiff, Lesly Remy (hereinafter the petitioner), contracted, inter alia, to construct a deck on the property of a resident of Suffolk County (hereinafter the consumer). Prior to the completion of the work, the consumer terminated the petitioner and refused to pay the remaining balance allegedly owed to the petitioner. Thereafter, the consumer filed a complaint with the Suffolk County Department of Labor, Licensing & Consumer Affairs (hereinafter the department), and the petitioner commenced an action against the consumer to recover damages for breach of contract. In December 2019, the department issued the petitioner a notice of hearing and notice of violation, charging him with, among other things, engaging in the business of home improvement without a license. On February 18, 2020, the petitioner, the consumer, and the department entered into a settlement agreement, which, inter alia, required the petitioner to withdraw his action against the consumer, to pay a civil penalty, and to waive his right to a hearing on the charges. However, the petitioner continued to prosecute his action against the [*2]consumer. Thereafter, the department issued the petitioner a new notice of hearing and notice of violation, charging him with, among other things, violating the terms of the settlement agreement. On May 4, 2021, after a hearing, a hearing officer sustained the majority of the charges. The department adopted the hearing officer's findings and imposed civil penalties against the petitioner.
The petitioner commenced this hybrid proceeding and action against, among others, certain Suffolk County officials, Steve Bellone, Rosaline Drago, Peter Pavalonis, and Lois Marie Sicignano Rowman (hereinafter collectively the County respondents), and Alexis Weik, the tax receiver for the Town of Islip, among other things, to annul the civil penalties assessed against him. Prior to interposing an answer to the petition/complaint, the County respondents and Weik separately moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them. In an order and judgment dated October 14, 2021, the Supreme Court granted the separate motions and dismissed the proceeding/action against the County respondents and Weik. The petitioner appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), "'the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 698, quoting Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911). Moreover, "[t]he petition must set forth factual allegations which, if credited, are sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of South Blooming Grove Fire Dist. v Village of S. Blooming Grove, 234 AD3d 975, 976 [internal quotation marks omitted]). Where "'the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery,'" dismissal of the cause of action is warranted (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted], quoting Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130). "'[C]onclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss'" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888, quoting Lockwood v CBS Corp., 219 AD3d 1326, 1327). Here, upon review of the petition/complaint, the Supreme Court properly determined that the petitioner failed to set forth a legal or factual basis for the relief requested.
Accordingly, the Supreme Court properly granted the separate motions of the County respondents and Weik pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court